IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOREEN SUMMERVILLE,<br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>      Defendant. | Case No. 1:23-cv-109<br><br>RE: Motion for summary judgment<br>ECF No. 23 |

## MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

Pending before this Court is the motion for summary judgment filed by the United States of America. ECF No. 23. For the reasons stated herein, the motion will be denied.

**Procedural Background**

In this negligence action filed pursuant to the Federal Tort Claims Act, Plaintiff Noreen Summerville alleges that she slipped and fell on snow and ice outside the U.S. Post Office in Corry, Pennsylvania. Plaintiff claims that the government's negligence in regard to the condition of the sidewalk outside the post office caused her fall and injuries.

The Government moves for summary judgment [ECF No. 23]; Plaintiff has filed a response in opposition [ECF No. 28]; and the Government has filed a reply brief [ECF No. 35]. Additionally, and in accordance with the Local Rules, the Government filed a Concise Statement of Material Facts [ECF No. 25] and Plaintiff filed a Responsive Concise Statement [ECF No.

1

32]. Each side has filed evidence in support of its position. ECF No. 26 (Government); ECF No. 34 (Plaintiff). The motion is fully briefed and is ripe for disposition.[1]

**Standard of Review**

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of their pleadings. Instead, once the movant

---

[1] Plaintiff has also filed a motion to strike certain evidentiary statements about what a post office employee did and said following the slip and fall. ECF No. 29, 30. The motion will be dismissed as moot. The evidence Plaintiff seeks to strike is not relevant to resolution of the pending dispositive motion.

satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond their pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Further, under Rule 56, a defendant may seek summary judgment by pointing to the absence of a genuine fact issue on one or more essential claims elements. *Id.* at 323 (holding that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"). In this respect, "summary judgment is essentially 'put up or shut up' time for the nonmoving party." *NRV Inc. v. Majestic Hills, LLC*, 2023 WL 3043780, at *3 (W.D. Pa. Apr. 21, 2023) *quoting Berckeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

**Factual Background[2]**

The parties do not dispute that Ms. Summerville tripped and fell on a snowy sidewalk outside the U.S. Post Office in Corry, Pennsylvania on March 30, 2022.[3] The Corry Post Office is located at 101 South Center Street. ECF No. 32, at ¶ 4. There is on-street parking located directly in front of the building and the building is bordered by another street on one side and an employee parking lot on the other. The on-street parking located between the intersection's curb cutout and the driveway can fit three to four parked cars, depending on the size of the vehicles. *Id.* at ¶ 5.

---

[2] Except where otherwise noted, the factual background is taken from the Concise Statement and responses thereto submitted by the parties. ECF Nos. 25, 32.

[3] On the date of Ms. Summerville's fall, the Corry Postmaster was James Ditzler and Missy May was employed as a clerk there. ECF No. 32, ¶¶ 8-9. Missy May passed away on December 31, 2022. *Id.* at ¶ 10.

On the morning of the incident, Ms. Summerville testified that she saw snow on the ground at her home. *Id.* at ¶¶ 21, 24. She spoke to her sister by phone and told her during the call that she was getting ready to go to the post office. Her sister told her that "It looks kind of slippery out." *Id.* at ¶ 22. There is evidence that it had snowed heavily in Corry on March 28, 2022, but did not snow on either the 29th or the 30th, "thereby giving the Post Office sufficient time to remove the ridge of snow and/or ice that was present on the sidewalk near the curb on March 30th."[4]

Around 11:00 a.m. that morning, Ms. Summerville left her home and drove to the Corry Post Office. *Id.* at ¶ 23. She recalls seeing snow on the ground and that it "was slippery that morning" when she left her home. *Id.* at ¶ 24. While driving to Corry, she recalls noticing that "it was wet" and she believed the "salt trucks" had been out because she saw that the roads were clear, and snow was plowed to the sides of the streets. *Id.* at ¶ 25.

Ms. Summerville parked her car in the on-street parking in front of the Post Office with the vehicle's driver side closest to the street and the passenger side nearest the sidewalk. *Id.* at ¶¶ 26-27. After parking, she walked around the front of her vehicle and noticed a "narrow" pile of snow approximately 7 or 8 inches high on the curb. *Id.* at ¶ 27. She testified that the snow located on the curb "must have been from the snowplow going." *Id.* at ¶ 29. As she exited her vehicle, Ms. Summerville stepped over the snow pile to reach the sidewalk. *Id.* at ¶ 28. Other than the snow pile she stepped over, she did not see much snow on the sidewalk. *Id.* at ¶ 32. After

---

[4] This assertion of fact is included in Plaintiff's Responsive Concise Statement. *See* ECF No. 32, ¶ 39. The Government has failed to properly address it and so in accordance with the Federal Rules of Civil Procedure as well as the Local Rules of the Western District, this Court will consider this fact undisputed for purposes of this motion. *See* Fed.R.Civ.P. 56(e)(2); Local Rule 56(E).

stepping over the pile of snow, she immediately fell landing in a wet area near the curb. *Id.* at ¶ 33. She did not see any ice on the sidewalk because she "went down so fast." *Id.* at ¶ 34.

She acknowledges that she did not walk to the curb cut or the driveway to the employee parking lot to access the sidewalk: "I could have, but I never do. And it was slippery that morning. I don't know. I just went the way I always go. And everybody goes that way." ECF No. 32-4, page 3 (Summerville Deposition).

**Discussion and Analysis**

"Because the liability of the United States under the FTCA is determined by the law of the state where the allegedly tortious act occurred, 28 U.S.C. § 2674, we will look to the state courts to determine how to resolve the underlying legal issues." *DeJesus v. United States Dep't of Veteran Affairs*, 479 F.3d 271, 279 (3d Cir. 2007). Under Pennsylvania law, the following principals apply:

> (1) In order to recover, a plaintiff must prove by a fair preponderance of the evidence that the defendant was negligent, and that his negligence was the proximate cause of the accident;
>
> (2) … the mere happening of an accident or an injury does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence [.]

*Amon v. Sahemaka*, 214 A.2d 238, 239 (Pa. 1965).

A plaintiff has the burden to establish these four elements: (1) that the defendant had a "duty or obligation recognized by the law [that] require[s] the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another." *Northwestern*

5

*Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. Nov. 30, 2005) *citing In re TMI*, 67 F.3d 1103, 1117 (3d Cir. Oct. 17, 1995). *See also Toro v. Fitness International LLC.,* 150 A.3d 968, 976-77 (Pa. Super. Nov. 10, 2016) *citing Estate of Swift by Swift v. Northeastern Hosp.,* 690 A.2d 719, 722 (Pa. Super. Apr. 10, 1997). Put another way, a plaintiff must establish "(1) duty; (2) breach; (3) causation; and (4) damages." *McKinney v. United States of America*, 2024 WL 2925313, at * 7 (E.D. Pa. Jun. 10, 2024) *citing Est. of Zimmerman v. Se. Pennsylvania Transp. Auth.*, 168 F.3d 680, 684 (3d Cir. 1999).

The Government moves for summary judgment at the duty prong of the negligence analysis.[5] So, we examine the duty owed by the post office to Ms. Summerville: "The nature of the duty which is owed in any given situation hinges primarily upon the relationship between the parties at the time of the plaintiff's injury." *Toro*, 150 A.3d at 977. The parties agree that Ms. Summerville was an invitee to the Government's premises[6] and accordingly, the Government had a duty to protect her from foreseeable harm. *Carrender v. Fitterer*, 469 A.2d 120, 123 (Dec. 14, 1983). "The duty owed to a business invitee is the highest duty owed to any entrant upon land." *Taylor v. Wal-Mart Stores East, L.P.*, 2023 WL 2330737, at *2-3 (W.D. Pa. Mar. 2, 2023) *quoting Dahl v. Sam's E., Inc.*, 258 A.3d 485, 2021 WL 2287438, at *3 (Pa. Super. June 1, 2021). As to the scope of the duty owed, Pennsylvania has adopted § 343 of the Restatement (Second) of Torts which states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

---

[5] The Government argues that Ms. Summerville "voluntarily and knowingly proceeded in the face of an obvious and dangerous condition, or, to put it another way, Defendant did not owe Plaintiff a duty to take measures to alleviate a known and avoidable danger." ECF No. 24, page 5-6. It is appropriate to examine this assumption of the risk argument when determining whether the defendant owed plaintiff a duty. *See McKinney*, 2024 WL 2925313, at * 8, *citing Roessing v. United States of America*, 2021 WL 1663590, at * 6 (W.D. Pa. Apr. 28, 2021).

[6] *See* ECF No. 24, page 3 (Government); ECF No. 28, page 4 (Plaintiff).

>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>>
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>>
>> (c) fails to exercise reasonable care to protect them against the danger.

*Pusateri v. Wal-Mart Stores East, L.P.*, 646 F.Supp.3d 650, 653 (W.D. Pa. Dec. 20, 2022) *quoting* Restatement (Second) of Torts § 343.

However, while "a possessor of land has a duty to protect a business invitee from foreseeable harm, that duty is not absolute." *McKinney*, 2022 WL 2925313, at *8. The possessor, here the post office, owes no duty to Ms. Summerville if she "discovered dangerous conditions which were both obvious and avoidable, and nevertheless proceeded voluntarily to encounter them." *Id. quoting Carrender*, 469 A.2d at 125. Under this assumption of the risk doctrine, "a defendant is relieved of its duty to protect a plaintiff where the plaintiff has voluntarily and deliberately proceeded to face a *known* and *obvious* risk and therefore is considered to have assumed liability for his own injuries." *Id.* (internal citation omitted) (italics added). "A danger is *known* if it is 'recognized that it is dangerous,' and *obvious* if 'both the condition and the risk are apparent to and would be recognized by a reasonable [individual], in the position of the visitor, exercising normal perception, intelligence, and judgment.'" *Hinerman v. Westmoreland County Airport Auth.*, 297 A.3d 59, 63 (Cmwlth. Ct. June 15, 2023) *citing Carrender*, 469 A.2d at 123-24 (italics in original).

The question of whether a danger was known or obvious is generally "a question of fact" and "the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender*, 469 A.2d at 124, *citing* Restatement, § 328B at cmts c and d.

7

Here, Ms. Summerville acknowledges that: she saw the "narrow" pile of snow on the sidewalk; that the snow pile was 7-8 inches in height; she knew it was from a snowplow; and she chose to step over it. In her deposition testimony, she also describes the "narrow" pile of snow as being about a foot wide. ECF No. 26-1, page 36. Moreover, she admits that she did not look to see whether either the driveway or the curb cutout was clear before choosing to traverse the pile of snow. *Id.* at page 32. So then, by her own admission, Ms. Summerville chose to attempt crossing a patch of snow that was 7-8 inches high and 12 inches wide, which she suspected was residual from a snowplow.[7] This Court finds that such a snow pile is obvious, was avoidable given that there were two other paths, and Ms. Summerville voluntarily proceeded. Because she proceeded to traverse a known and obvious risk, voluntarily and deliberately by her own admission, she has assumed liability for her own injuries and the Post Office is relieved of its duty to protect her.

Summary judgment will be granted. A separate order follows.

---

[7] This Court notes that Pennsylvania's hills and ridges doctrine does not apply in this case because the snow at issue was not the result of a natural accumulation. *See Mertira v. Camelback Lodge and Indoor Waterpark*, 292 A.3d 1118 (Table), at *6 (Pa. Super. 2023) ("The hills and ridges doctrine, as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, i.e., ice and snow. […] However, this Court has also stated that the hills and ridges doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation, following a recent snowfall, as we reiterated that the protection afforded by the doctrine to owners and possessors of land is predicated on the assumption that these formations are natural phenomena incidental to our climate.") *quoting Collins v. Philadelphia Suburban Development Corp.*, 179 A.3d 69, 73-74 (Pa. Super. 2018) and *Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 526 (Pa. Super. 2006).